Stuart J. West, SBN 202041
West & Associates, A PC
3050 Citrus Circle, Ste. 207
Walnut Creek, CA  94598
925.262.2220

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Jacob Avery,

      Plaintiff,

vs.

Complete Curriculum LLC, and

Does 1-20

      Defendant

Case No.:

Complaint for Copyright Infringement, Intentional Interference with Prospective Business Advantage, Negligent Interference with Prospective Business Advantage, and Unfair Competition

Plaintiff Jacob Avery ("Plaintiff"), by and through its attorneys, West & Associates, A PC, for his Complaint against defendant Complete Curriculum LLC ("Defendant"), alleges, on knowledge as to his own actions, and otherwise on information and belief, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's copyrighted works listed in Exhibit A (the "Copyrighted Works").

2.    Plaintiff is an individual residing in the state of Nevada.

3.    On or around January 9, 2017, Plaintiff was assigned the copyright rights associated with the Copyrighted Works. As a result, Plaintiff is the owner of all copyright rights in the Copyrighted Works. Plaintiff has published, distributed, advertised, publicly displayed,

and sold copies of the Copyrighted Works in the United States by selling them on the internet. Plaintiff recorded the assignment transferring rights to him with the copyright office and is shown as the owner of the Copyrighted Works in the Copyright Office database.

4. All of the claims asserted herein arise out of and are based on Defendant's copying, reproduction, distribution, and sale of the Copyrighted Works without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

5. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendant resides/may be found in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district.

## PARTIES

8. Plaintiff Jacob Avery is an individual who resides in Reno, Nevada. Plaintiff is a citizen of the United States of America.

9. On information and belief, Defendant Complete Curriculum LLC is a limited liability company formed under the laws of California and does business in Nipomo, California.

On information and belief, Defendant owns and operates the website https://completecurriculum.com.

**FACTS**

A.   <u>Plaintiff and his Copyrighted Works</u>

10.   Plaintiff was assigned the Copyrighted Works on or around January 9, 2017, in a copyright assignment agreement with Educents, Inc. As a result, Plaintiff owns any and all copyright rights in the Copyrighted Works. A true and correct of the assignment document, which was recorded with the Copyright Office, of the Copyrighted Works is attached hereto as Exhibit B.

11.   The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Works.

12.   Plaintiff is the owner of the valid and subsisting United States Copyright Registration Nos. listed in Exhibit B for the Copyrighted Works. Attached as Exhibit B is a true and correct copy of the assignment document transferring rights to Plaintiff for the Copyrighted Works.

13.   Plaintiff has published, distributed, and displayed the Copyrighted Works by selling them on his website.

14.   The Copyrighted Works are of significant value to Plaintiff because Plaintiff sells copies of the Copyrighted Works on his website.

B.   <u>Defendant's Infringing Conduct</u>

15.   On information and belief, Defendant is engaged in the sale of educational products, including the Copyrighted Works owned by Plaintiff.

16. Defendant has published, reproduced, distributed, and sold, identical copies of the Copyrighted Works by offering them for sale to the public.

17. Defendant's use of the Copyrighted Works is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

18. Since Defendant began exploiting the Copyrighted Works, it has sold copies of the Copyrighted Works. On information and belief, Defendant continues to offer for sale and sell the Copyrighted Works.

19. On information and belief, Defendant's identical copying and exploitation of the Copyrighted Works was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the creative, artistic, and aesthetic benefit and value associated with the Copyrighted Works. By failing to obtain Plaintiff's authorization to use the Copyrighted Works or to compensate Plaintiff for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Works, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

20. On October 25, 2023, Defendant's counsel sent a cease-and-desist letter via email to Plaintiff objecting to Plaintiff's reproduction, publication, distribution, and sale of the Copyrighted Works. After multiple communications between Plaintiff and Defendant, it was determined that Defendant was fraudulently assigned the rights to the Copyrighted Works after the Copyrighted Works were already assigned to Plaintiff. The assignment to Defendant was fraudulent since the assignee was not the owner of the Copyrighted Works at the time the

assignment with Defendant was executed. Plaintiff was, and still is, the rightful owner of the Copyrighted Works. The assignment of the Copyrighted Works to Plaintiff was made prior to the fraudulent assignment to Defendant.

21. Defendant wrongfully asserts Defendant is the owner of the Copyrighted Works even after Plaintiff has provided the assignment recordation records. Plaintiff has demanded that Defendant cease offering and selling the Copyrighted Works. After reasonable inquiry, Plaintiff has no evidence that Defendant has complied with Plaintiff's demands to cease and desist offering the Copyrighted Works for sale or distribution.

22. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, and sale of the Copyrighted Works. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Works.

23. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### Federal Copyright Infringement
### (17 U.S.C. § 501)

24. Plaintiff repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

25. The Copyrighted Works are original works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works. Plaintiff owns valid copyright registrations for the Copyrighted Works.

26. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and sale of the Copyrighted Works without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

27. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works and has enabled Defendant illegally to obtain profit therefrom.

28. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Copyrighted Works and products incorporating or embodying the Copyrighted Works, and an accounting of and a constructive trust with respect to such profits.

29. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), for Defendant's willful infringing conduct for each of Plaintiff's Copyrighted Works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

30. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

31. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless

Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT TWO

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

32. Paragraphs 1 through 31 are incorporated herein as though set forth in their entirety.

33. Plaintiff's Copyrighted Works are of a significant commercial value.

34. Defendant knew that Plaintiff's Copyrighted Works were of significant commercial value and intended to disrupt that financial relationship.

35. Defendant's actions were to take advantage of Plaintiff's significant financial gain by the manufacturing and distribution of Plaintiff's Copyrighted Works.

36. Defendant engaged in an independently wrong act by manufacturing and distribution of Plaintiff's Copyrighted Works.

## COUNT THREE

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

37. Paragraphs 1 through 36 are incorporated herein as though set forth in their entirety.

38. Defendant owed Plaintiff a duty of care to not manufacture and sell products that infringed on Plaintiff's Copyrighted Works.

39. Defendant knew Plaintiff's sales were in the same region as Defendants.

40. Defendant's breach of duty directly and proximately caused harm to Plaintiff, at least, by causing Plaintiff to lose prospective sales.

41. Plaintiff was harmed by the lost sales.

# COUNT FOUR

# UNFAIR COMPETITION

42. Paragraphs 1 through 41 are incorporated herein as though set forth in their entirety.

43. Defendant is unlawfully copying Plaintiff's Copyrighted Works, which has contributed to the dilution of the distinctive quality of Plaintiff's Copyrighted Works in the marketplace.

44. Defendant is willfully copying Plaintiff's Copyrighted Works, which has contributed to the dilution of the distinctive quality of Plaintiff's Copyrighted Works in the marketplace.

45. Plaintiff's sale and distribution of its Copyrighted Works and derivative works are prejudiced by Defendant's copyright infringements.

46. Plaintiff has lost substantial revenue from Defendant's unlawful and willful copying of Plaintiff's Copyrighted Works.

47. Defendant, by their unauthorized appropriation and use of Plaintiff's Copyrighted Works, have and are engaging in acts of unfair competition on Plaintiff's goodwill and the public's acceptance of Plaintiff's Copyrighted Works, all to Plaintiff's irreparable damage.

48. Defendant, by their unauthorized appropriation and use of Plaintiff's Copyrighted Works, have and are engaging in acts of unlawful appropriation on Plaintiff's goodwill and the public's acceptance of Plaintiff's Copyrighted Works, all to Plaintiff's irreparable damage.

49. Defendant, by their unauthorized appropriation and use of Plaintiff's Copyrighted Works, have and are engaging in acts of unjust enrichment on Plaintiff's goodwill and the public's acceptance of Plaintiff's Copyrighted Works, all to Plaintiff's irreparable damage.

50. Defendant, by their unauthorized appropriation and use of Plaintiff's Copyrighted Works, have and are engaging in acts of wrongful deception of the purchasing public, on Plaintiff's good will and the public's acceptance of Plaintiff's Copyrighted Works, all to Plaintiff's irreparable damage.

51. Defendant, by their unauthorized appropriation and use of Plaintiff's Copyrighted Works, have and are engaging in acts of unlawful trading on Plaintiff's good will and the public's acceptance of Plaintiff's Copyrighted Works, all to Plaintiff's irreparable damage.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That Defendant has violated laws including but not limited to, intentional interference with prospective business advantage, negligent interference with prospective business advantage, and unfair competition.

3. Granting an injunction preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works; and

   b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

4. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales and any other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

5. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the

Copyrighted Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

6. That Defendant, at its own expense, be ordered to recall the Copyrighted Works from any distributors, retailers, vendors, or others that have distributed the Copyrighted Works on Defendant's behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

7. Awarding Plaintiff:

    a. Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

    b. damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

    c. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    d. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

8. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

9. Awarding such other and further relief as the Court deems just and proper.

10. A trial by jury.

Dated this 16th day of February, 2024

/Stuart J. West/
Stuart J. West
CA SBN 202041
West & Associates, A PC
3050 Citrus Circle
Suite 207
Walnut Creek, CA  94598
925.262.2220